USDC SCAN INDEX SHEET










```
WTM    2/11/00    13:25
3:00-CV-00305   SEC V. NEWMARK
*1*
*CMP.*
```

SANDRA J. HARRIS, Cal. Bar # 134153
GREGORY GLYNN, Cal. Bar # 39999
DIANA K. TANI, Cal. Bar # 136656
MICHELE WEIN LAYNE, Cal. Bar # 118395
TODD BRILLIANT, Cal. Bar # 147727

Attorneys for Plaintiff
Securities and Exchange Commission
Valerie Caproni, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California  90036-3648
Phone: (323) 965-3998
Fax: (323) 965-3908

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

ANDREW JAY NEWMARK,

    Defendant.

Case No. '00 CV 305 JM (JFS)

COMPLAINT FOR INSIDER TRADING IN VIOLATION OF THE FEDERAL SECURITIES LAWS

Plaintiff Securities and Exchange Commission ("Commission") alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A(a)(1) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), 78u-1(a)(1) and 78aa].

2. Defendant Andrew Jay Newmark ("Newmark" or "Defendant"), directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, and/or the facilities of a national securities exchange, in connection with the transactions,

acts, practices and courses of business alleged in this Complaint.

3. This Court is an appropriate venue for this action pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Certain of the transactions, acts, practices and courses of business constituting violations of the laws alleged herein occurred within the Southern District of California.

## SUMMARY

4. This matter involves insider trading in the securities of DH Technology, Inc. ("DH Technology") by Defendant Andrew Jay Newmark. After Axiohm, S.A. ("Axiohm") had taken a substantial step or steps to commence a tender offer for DH Technology, Newmark acquired material information about the Axiohm proposal that he knew or had reason to know was non-public and had been acquired directly from DH Technology's Chief Executive Officer, William Gibbs ("Gibbs").

5. In late 1996, Newmark introduced DH Technology to Axiohm for the purpose of their discussing a possible merger. On April 3, 1997, Newmark learned from Gibbs that the merger discussions had advanced to the point that the companies had discussed a possible price at which Axiohm would acquire DH Technology.

6. Between April 3 and 11, 1997, Newmark bought 30,000 DH Technology shares for $513,125. On July 15, 1997, DH Technology announced that Axiohm would acquire it via a tender offer. Newmark sold his DH Technology shares on July 16 and 17, 1997, realizing profits of $173,895.38.

## THE DEFENDANT

7. <u>Andrew Jay Newmark</u>, age 41, resides in Greenwich, Connecticut. Since 1989, Newmark has been Chairman of CoStar

- 2 -

Corporation, a manufacturer of label printers and a pre-merger client of both DH Technology and Axiohm.

### RELATED ENTITIES AND PERSON

8. <u>DH Technology, Inc.</u>, prior to its merger with Axiohm, was a California corporation with its principal place of business in San Diego. It designed, manufactured, and distributed credit card receipt and bar code printers. Its stock was registered with the Commission pursuant to Section 12(g) of the Exchange Act and was traded on Nasdaq.

9. <u>Axiohm, S.A.</u>, prior to its merger with DH Technology, was a privately-held French company with its headquarters in Montrouge, France. After the merger and a series of exchanges with two of its subsidiaries and its holding company, the company registered as a California corporation, Axiohm Transaction Solutions, Inc. It designs, manufactures, and distributes credit card receipt printers, including printers that appear at pay-at-the-pump gasoline stations. It is traded on Nasdaq.

10. <u>William Gibbs</u>, age 55, was the Chairman, CEO and President of DH Technology until January 1998.

### SUBSTANTIAL STEP OR STEPS

11. On October 25, 1996, Newmark met with Axiohm's Co-President and presented his idea for an Axiohm-DH Technology merger. On November 14, 1996, Newmark met with Gibbs and made a similar presentation. Gibbs asked Newmark to obtain financial information concerning Axiohm, set up a meeting between the companies and arrange a tour of DH Technology's facilities for Axiohm's officers. Gibbs preserved the confidentiality of the tours, even from DH Technology's own employees, by creating cover stories for the

visits. The tours took place on December 12 and 13, 1996. On April 2, 1997, DH Technology and Axiohm officers met and, for the first time, discussed a range of prices in the mid-$20s per share at which Axiohm would be willing to acquire DH Technology.

### NEWMARK'S KNOWLEDGE

12. On April 3, 1997, Gibbs told Newmark that the merger discussions with Axiohm were continuing and that Axiohm had discussed a range of prices in the mid-$20s per share at which it would be willing to acquire DH Technology. At the time, DH Technology's stock was trading at approximately $17 per share. Newmark responded with a letter to Gibbs, stating in part: "I'm glad things are moving along with Axiohm. The combination will be a powerhouse."

13. Newmark knew, or had reason to know, that the information regarding Axiohm's proposal to acquire DH Technology was non-public and was acquired directly from an officer of DH Technology.

### NEWMARK'S PURCHASES OF DH TECHNOLOGY STOCK

14. While in possession of this material, non-public information, Newmark engaged in the following transactions: On April 3, 1997 Newmark purchased 13,000 shares of DH Technology at $17 per share, for a total purchase price of $221,000. The next day, Newmark purchased an additional 10,000 shares at $17.3125 per share, for a total purchase price of $173,125. On April 7, 1997, Newmark purchased 2,000 additional shares at $17 per share, for a total purchase price of $34,000. Finally, on April 11, 1997, Newmark purchased an additional 5,000 shares at $17 per share, for a total purchase price of $85,000.

**PUBLIC ANNOUNCEMENT OF AXIOHM'S TENDER OFFER**

15. On July 15, 1997, DH Technology publicly announced that it had signed a definitive merger agreement with Axiohm. The agreement provided that a wholly-owned subsidiary of Axiohm would commence a cash tender offer no later than July 21, 1997 to acquire between 6,500,000 and 7,000,000 shares of DH Technology at $25 per share.

16. Following the public announcement of the tender offer, DH Technology's stock rose from a closing bid of $15.875 on July 14 to a closing bid of $23 on July 15, an increase of nearly 45%, on volume of 887,000 shares. The volume was 60 times the 13,000 average daily volume for DH Technology stock measured during the three week period prior to the public announcement.

**NEWMARK'S SALE OF DH TECHNOLOGY STOCK**

17. On July 16, 1997, one day after the public announcement of the Axiohm tender offer, Newmark sold 10,000 shares of DH Technology at $22.875 per share, for a total sale price of $228,750. The next day, Newmark sold the rest of his DH Technology shares in four lots: 13,000 shares at $23 per share, 3,000 shares at $23.25 per share, 2,000 shares at $23.0625 per share, and 2,000 shares at $23.25 per share. Newmark realized $173,895.38 in profits from these sales of DH Technology stock.

**FIRST CLAIM**

**Violations of Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] thereunder**

18. Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19. By April 2, 1997, Axiohm had taken substantial steps towards commencing its tender offer for the securities of DH Technology, including among other things, holding several confidential meetings and discussions with representatives of DH Technology, exchanging financial information for the purpose of facilitating such meetings and discussions, and ascertaining an approximate price at which it was prepared to acquire DH Technology.

20. Newmark purchased DH Technology stock, as described above, while he possessed material non-public information relating to a tender offer or request or invitation for a tender offer for DH Technology stock. At the time that he purchased the DH Technology stock, Newmark knew or had reason to know that the information he possessed concerning the DH Technology stock was non-public and had been acquired directly or indirectly from DH Technology, which was the issuer of the securities to be sought by the offering person, Axiohm.

21. The material, non-public information relating to the tender offer for DH Technology stock was not publicly disclosed by press release or otherwise within a reasonable time prior to the Newmark's purchase.

22. By reason of the foregoing acts, practices, and course-of-business, Newmark violated Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

**I.**

Issue findings of fact and conclusions of law that the Defendant committed the violations charged and alleged herein.

**II.**

Permanently enjoin Newmark from violating Section 14(e) of the Exchange Act and Rule 14e-3 thereunder.

**III.**

Order Newmark to disgorge all improper gains from his unlawful conduct, gained directly or indirectly from the transactions complained of herein, together with prejudgment interest thereon.

**IV.**

Order Newmark to pay a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

**V.**

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VI.**

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: FEBRUARY 11, 2000

_/s/ Todd Brilliant_
Todd Brilliant
Attorney for Plaintiff
Securities and Exchange Commission

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
SECURITIES AND EXCHANGE COMMISSION

## DEFENDANTS
ANDREW JAY NEWMARK

00 FEB 11 AM 11:09

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Connecticut
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Todd Brilliant
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648
(323) 965-3998

### ATTORNEYS (IF KNOWN)
00 CV 305 JM (JFS)
David E. Nachman, Esq.
Solomon, Zauderer, Ellenhorn, Frischer & Sharp
45 Rockefeller Plaza
New York, NY 10111
(212) 424-0789

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. Section 78n(e) and Rule 17 C.F.R. 240.14e-3. Andrew Jay Newmark engaged in fraudulent, deceptive, or manipulative acts or practices in connection with a tender offer.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | [X] 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  ☐ 550 Other |  |  | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
N/A

JUDGE _____ DOCKET NUMBER _____

DATE: February 11, 2000

SIGNATURE OF ATTORNEY OF RECORD: /s/ Todd Brilliant

UNITED STATES DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 07/89)                                                                                                                          GPO : 1989 - 237-312